Estate of Helen R. Eggleston, Deceased, Richard H. Eggleston, Jr., Executor v. Commissioner.
Estate of Helen R. Eggleston v. Commissioner
Docket No. 10134.
United States Tax Court
1947 Tax Ct. Memo LEXIS 249; 6 T.C.M. (CCH) 400; April 17, 1947
*249 Edmund K. Trent, Esq., 747 Union Trust Bldg., Pittsburgh, Pa., for the petitioner. Hobby H. McCall, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $4,143.55 in estate tax. The only issue for decision is the value, for estate tax purposes, of an undivided one-seventh interest which the decedent owned in the property on Fifth Avenue in Pittsburgh, Pennsylvania. Findings of Fact Richard H. Eggleston, Jr. is the executor of the Estate of Helen R. Eggleston who died on September 4, 1943. The estate tax return was filed with the collector of internal revenue for the district of Florida. The decedent at the time of her death owned an undivided one-seventh interest in a piece of real property fronting 25 feet on the northerly side of Fifth Avenue in the City of Pittsburgh. It was leased to the owner of the adjoining property. The lessee had erected a building covering both properties. The property of which the decedent owned an undivided one-seventh interest was subject at the date of her death to a mortgage on which the unpaid principal at that time amounted to $147,000. The value of the decedent's *250 undivided one-seventh interest in the property, after deducting the unpaid balance on the mortgage, was reported in the estate tax return as $14,714.29. The Commissioner, in determining the deficiency, increased that value to $39,194.85. The fair market value of the decedent's undivided one-seventh interest in the property on September 4, 1943, after deducting the unpaid balance of the mortgage, was $25,000. Opinion MURDOCK, Judge: The petitioner called, as a witness, an experienced real estate dealer of Pittsburgh. He expressed the opinion that the property in which the decedent owned an interest was worth $285,000. That would leave an equity of $138,000 to the owners. One-seventh of that amount would be $19,714. The witness thought that an undivided one-seventh interest would not be worth one-seventh of the whole, but would have to be discounted to a certain extent. The respondent called another Pittsburgh real estate dealer who stated that in his opinion the property as a whole had a value at the date of the decedent's death of $450,000. There is some other evidence in the case. All of the evidence has been considered in making the finding of fact as to value shown above. *251 Decision will be entered under Rule 50.